UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| ALAN EUGENE MONDAY, )<br>  aka ALLEN EUGENE MONDAY, )<br>) <br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN KAREN HOGSTEN, )<br>)<br>Respondent. ) | Civil No. 11-69-KSF<br><br><br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Allen Eugene Monday[1] is a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Monday, proceeding without an attorney, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] The Court has reviewed the petition,[2] but must deny relief because Monday's claims may not be brought in a petition for a writ of habeas corpus pursuant to Section 2241 and because his claims are wholly without merit.

---

[1] Mr. Monday has spelled his first name "Alan" in the caption of the complaint [R. 2 at 1] and this spelling is used in documents from his state criminal proceedings in Tennessee in 1996. [R. 2-3 at 1, 12] However, the Bureau of Prisons spells his first name "Allen" and this spelling is used in documents from his federal criminal proceedings in Tennessee in 1998. [R. 2-3 at 2, 6] To ensure the completeness and accuracy of the docket, the Clerk will include the latter variation as an alias designation for the petitioner.

[2] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In September 1996, Beverly Reichenbach, Monday's former girlfriend, was found dead from a gunshot wound to the head in the hallway outside the apartment of Monday's brother. Monday appeared at the scene shortly thereafter, and when police noticed scratches on his arm and back, he was taken into investigative custody. In February 1997, Tennessee authorities charged Monday with reckless homicide pursuant to T.C.A. 39-13-215. [R. 2-3 at 1]

With that charge still pending, in March 1998, Monday was indicted in federal court for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Following a two-day trial, on June 8, 1999, Monday was found guilty by a jury of the federal charges. On November 23, 1999, Monday was sentenced as an armed career criminal under 18 U.S.C. § 924(e) to a cumulative 262-month term of incarceration to be followed by a 5-year term of supervised release. *United States v. Monday*, No. 3:98-CR-38 (E.D. Tenn. 1998). Monday appealed, but the Sixth Circuit affirmed his conviction. *United States v. Monday*, 8 F.App'x 394 (6th Cir. 2001). The Supreme Court denied his petition for a writ of *certiorari* on October 19, 2001.

Monday was tried before a jury on the Tennessee charges, and on May 18, 2001, was found guilty of reckless homicide and sentenced to a 12-year term of incarceration. [R. 2-3 at 12]

Monday filed a motion to vacate his federal criminal conviction pursuant to 28 U.S.C. § 2255 on September 30, 2002. Among his grounds for relief was a claim that the trial court had improperly enhanced his sentence as an armed career criminal under Section 924(e) because (1) his prior 1977 state conviction for second degree burglary had been expunged; (2) his two 1983 state convictions for first degree burglary did not constitute crimes of violence; and (3) the 1983 convictions arose from the same course of conduct, and thus should have counted as only one conviction. The trial court rejected each of his arguments in a detailed opinion issued on June 21, 2006. The Sixth Circuit

2

denied Monday a certificate of appealability on January 11, 2007, finding that his "claims do not warrant encouragement to proceed further." *Monday v. United States*, No. 3:02-cv-556 (E.D. Tenn. 2002).

In his petition, Monday essentially reiterates the same or related challenges to his sentence enhancement under Section 924(e) that he presented without success to the trial court in his 2002 motion under Section 2255. [R. 2 at 5] Monday first contends that his indictment by the State of Tennessee for reckless homicide did not constitute a conviction for a crime of violence, and appears to object that his enhancement was found by a preponderance of the evidence. [R. 2 at 5, 11] He also contends that it was improper for the trial court to consider his two convictions for first degree burglary as separate prior violent felonies when they arose from a common scheme or course of conduct and the state criminal proceedings for both charges were consolidated. [R. 2 at 5, 12]

Monday's petition is procedurally improper and substantively meritless.

First, Monday may not pursue these claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A prisoner's challenge to his sentence may not generally be pursued in a habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to this general rule in Section 2255(e), which permits a federal prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where, after his

3

or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Monday's claims do not fit within this exception for two reasons. First, he has previously asserted these claims without success in his initial motion under Section 2255 filed with the trial court. *Charles*, 180 F.3d at 756 ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied.").

More fundamentally, Monday's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been

4

convicted, not the sentence imposed."). This Court, adhering to Sixth Circuit precedent, has repeatedly followed the rule that "to take advantage of § 2255's savings clause, the Sixth Circuit requires [a petitioner] to demonstrate that he is actually innocent of the *underlying offense*, not of a mere sentencing factor." *Walker v. Hogsten*, No. 6:10-cv-276-ART (E.D. Ky. 2010) (slip op. of May 31, 2011) (*citing United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Johnson v. Cauley*, No. 09-cv-52-HRW (E.D. Ky. 2009) (claim that sentencing court improperly enhanced sentence based upon prior state conviction is not cognizable under § 2241), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010); *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at * 4 (E. D. Ky., July 19, 2010) (same).

Even if the Court could consider his claims in this proceeding, they would fail as a matter of law. Monday first appears to contend that his Tennessee conviction for reckless homicide did not qualify as a predicate offense for a prior violent felony because the statute criminalizes "reckless" rather than "violent" conduct. [R. 2 at 20] This argument is factually irrelevant and legally incorrect. It is factually irrelevant because Monday's sentence was enhanced pursuant to Section 924(e) based upon his three prior burglary convictions, one in 1977 and two in 1983; it was not enhanced based upon the offense of reckless homicide, a state charge that Monday was not convicted of until two years *after* the federal court imposed its sentence. *See United States v. Monday*, No. 3:02-cv-556 (E.D. Tenn. 2002) (slip opinion of June 21, 2006, at pp. 21-22). The argument is also legally meritless, as the Sixth Circuit has expressly held that a conviction under Tennessee's reckless homicide statute, Tenn. Code Ann. § 39-13-215, qualifies as a predicate violent offense under Section 924(e). *United States v. Washington*, 271 F. App'x 485, 488-89 (6th Cir. 2008) ("the 'substantial and unjustifiable risk' of injury under Tennessee's reckless-homicide law falls within

5

the meaning of a 'serious potential risk of physical injury to another' under 18 U.S.C. § 924(e)(2)(B).").

Monday next contends that his multiple state convictions for first degree robbery in 1983 should have qualified as only one predicate offense for purposes of Section 924(e) because, although he committed numerous robberies during June, July, and August of 1982, the police did not arrest him even though they knew of his crimes because they were conducting an ongoing "sting" operation. Monday also notes that all of his Tennessee criminal cases were consolidated into one proceeding, and all of his charges were addressed together and resulted in a single cumulative sentence. [R. 2 at 23-26]

This argument fails under well-established precedent. Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced penalties for violating section 922(g) if he "has three previous convictions ... for a violent felony or a serious drug offense, or both, *committed on occasions different from one another* ..." (emphasis added). The offenses are therefore separate from one another for purposes of Section 924(e) if they were *committed* on different occasions, regardless of whether the defendant's subsequent arrest by police is the product of an ongoing police investigation and regardless of how they are prosecuted or sentenced by the court system. *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998) ("The rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing.").

Because by its very terms the statute requires focus upon the underlying criminal conduct to determine whether the defendant has committed one or several offenses, courts have uniformly held that separate criminal acts, no matter how close to another they are committed, whether in time or

distance, constitute separate offenses for purposes of Section 924(e). *See United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (two sales of crack cocaine to the same confidential informants, where the two sales were not contingent upon one another and were separated by only 45 minutes and half a block, constituted two separate and distinct episodes, and thus two predicate offenses for purposes of Section 924(e)); *Phillips*, 149 F.3d at 1030-31 (two burglaries, committed close in time but from separate victims in separate stores, constituted "separate criminal episodes" for purposes of Section 924(e)); *United States v. Hobbs*, 136 F.3d 384 (4th Cir. 1998) (same); *United States v. Pope*, 132 F.3d 684 (11th Cir. 1998) (same).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall let the docket reflect "ALLEN EUGENE MONDAY" as an alias designation for the petitioner.

2. Monday's petition for a writ of habeas corpus [R. 2] is **DENIED.**

3. The Court will enter an appropriate judgment.

This May 21, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**